# EXHIBIT A

| Rule Entry Date | Case Number | Case Style | Page Number | Rule Entry | Associated Party |
|---|---|---|---|---|---|
| 03/11/2025 12:44PM | 18CC1-2025-CV-7278 | Justin Cooper vs Jieqiong Cao, Whaleco, Inc. d/b/a TEMU | | Civil Case Created | |
| 03/11/2025 12:49PM | 18CC1-2025-CV-7278 | Justin Cooper vs Jieqiong Cao, Whaleco, Inc. d/b/a TEMU | | Civil Summons Issued on 3/11/2025 Jieqiong Cao, Whaleco, Inc. d/b/a TEMU Attorney to Serve | |
| 03/11/2025 12:49PM | 18CC1-2025-CV-7278 | Justin Cooper vs Jieqiong Cao, Whaleco, Inc. d/b/a TEMU | | Filing Entered: Damage And Torts - Filed For Justin Cooper - Filed Against Jieqiong Cao, Whaleco, Inc. d/b/a TEMU | |
| 03/24/2025 10:26AM | 18CC1-2025-CV-7278 | Justin Cooper vs Jieqiong Cao, Whaleco, Inc. d/b/a TEMU | | Return of Non Service - Filed Jieqiong Cao by Attorney | |
| | | | | Alias Civil Summons Issued 3/24/2025 Jieqiong Cao Attorney to Serve | |
| | | | | Plaintiff's 1st Amended Complaint - Filed | |
| 04/17/2025 03:25PM | 18CC1-2025-CV-7278 | Justin Cooper vs Jieqiong Cao, Whaleco, Inc. d/b/a TEMU | | Hearing Entered: Docket Call scheduled for Justin Cooper, Jieqiong Cao, Whaleco, Inc. d/b/a TEMU on 8/7/2025 10:00 AM; William T Ridley | |
| 04/28/2025 03:38PM | 18CC1-2025-CV-7278 | Justin Cooper vs Jieqiong Cao, Whaleco, Inc. d/b/a TEMU | | Civil Summons Returned Served - Filed Whaleco, Inc., d/b/a Temu 4/23/2025 by Attorney through Certified Mail | |

Sworn to before me the 15th May, 2025.

_____ , Clerk

_____ , D.C.



## IN THE CIRCUIT COURT FOR CUMBERLAND COUNTY, TENNESSE
## AT CROSSVILLE

| | |
|---|---|
| **JUSTIN COOPER,** | |
| **PLAINTIFF,** | **JURY DEMAND (12)** |
| **v.** | Case No. CC1-25-CV-7278 |
| **JIEQIONG CAO, WHALECO, INC. d/b/a TEMU,** | DATE FILED March 11, 20 25 |
| **DEFENDANTS.** | Jessica Burgess MM |

Circuit Court Clerk

Plaintiff, Justin Cooper, by and through his counsel, and files this civil action against

Defendants, Jieqiong Cao and WhaleCo, Inc. d/b/a Temu, based upon the following grounds:

1.      This case involves the spontaneous explosion of two lithium-ion batteries

included with a headlamp manufactured by Defendant Jieqiong Cao and sold on website

Temu.com, which is operated by Defendant WhaleCo, Inc.

2.      When the batteries exploded, Plaintiff Justin Cooper suffered devastating and

excruciatingly painful third degree burns to his left leg.

3.      Mr. Cooper had extensive medical treatment and has permanent scarring and

injuries.

### I.      PARTIES

4.      Plaintiff Justin Cooper is a resident and citizen of Crossville, Cumberland County,

Tennessee.

5.      Defendant Jieqiong Cao is a Chinese Corporation that manufactured and sold the

headlamp and batteries to Plaintiff and regularly conducts business for profit in Tennessee by

selling products to Tennessee residents through the website Temu.com. Defendant Jieqiong

1

Cao's principal address is Floor 4, Building A, Phase 2, Jun'an Science and Technology Park, No. 4 Xinzhou Road, Xintang Town, Zengcheng District, Guangzhou City, Guangdong Province, China. Defendant Jieqiong Cao can be served pursuant to the Hague Service Convention.

6. Defendant Whaleco, Inc. d/b/a Temu ("Whaleco"), is a Delaware corporation that regularly conducts business for profit in Tennessee by providing services to manufacturers, sellers, and consumers, through Temu.com. Defendant Whaleco's principal address is 31 Saint James Avenue, Boston, Massachusetts 02116. Its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

7. Plaintiff ordered the headlamp and batteries from Temu.com from his home, and the products were delivered to his home. The batteries exploded and Plaintiff was injured at his home in Cumberland County, Tennessee.

8. This Court has personal jurisdiction over the Defendants, and venue is proper.

## II. FACTS OF THE CASE

9. Lithium-ion batteries generate electricity in fundamentally the same way all batteries used in consumer electronics do and have the same basic components:

   a. Two *electrodes* referred to as the *cathode* and *anode*;

   b. An electronic insulating film/layer between the electrodes, called a *separator*;

   c. A substance called the *electrolyte*, which contains positive and negative ions in solution, typically a salt or salts dissolved in a liquid;

   d. *Current collectors*, which are metal sheets that are in contact with the individual electrodes;

   e. A *container* which holds all of the above materials; and

2

   f. Two ***terminals*** (positive and negative), which are external contacts on the container that make connections with the internal electrode current collectors.

  10. When a device—for example, a light bulb—is connected to the two terminals of a battery, a complete electrical circuit is formed between the two electrodes. This causes electrons to flow between the electrodes. Because the separator material is electronically insulating, it prevents electrons from flowing *directly* between the cathode and the anode internally in the battery, forcing the electrons to travel via the external circuit, where they pass through the load of the connected device, providing power to the device in the process.

  11. Lithium-ion batteries come in a variety of formats, including prismatic, pouch, and cylindrical. This case involves cylindrical lithium-ion cells ("CLCs").

  12. In CLCs, the cathode and anode materials are layered in sheets, with the separator—a very thin sheet of plastic—layered between them. The sheets of the three materials are then rolled into a cylindrical shape known as a "jelly roll," illustrated in Figure 1. During manufacturing, the jelly roll is inserted into the metal can container and the liquid electrolyte is then also injected into the container.

3



*Figure 1. Cross section of a typical 18650 battery cell, showing "jelly roll" configuration.*

13. Because a CLC consists of numerous layers cathodes and anodes, the energy density is extremely high. Thus, as discussed below, when a CLC malfunctions, the amount of energy released can be catastrophic.

14. In any lithium-ion battery, if electrons flow directly between the anode and cathode, without an intervening "load" (powered device), the result is called a "short circuit."

15. A short circuit can be external or internal. In an external short circuit, a low-resistance conductive material (such as a wire) creates a direct connection between the two terminals of a battery, allowing the electrons to flow directly from the anode to the cathode via the conductive material, without the resistance of an intervening load. An internal short circuit, on the other hand, is caused when the separator fails to prevent electrons from flowing directly between the anode and the cathode.

16. Without the intervening load of a connected device to consume the energy created by the traveling electrons, a short circuit (whether internal or external) results in an excessive

4

amount of current flowing directly between the anode and cathode. This "unlimited" current flow can result in damage to the battery, overheating, fire, and explosion.

17.     A short circuit can be especially dangerous in a lithium-ion battery. The electrolyte solvent used in lithium-ion batteries is a flammable organic liquid. The heat caused by a short circuit (whether internal or external), especially in combination with a flammable liquid, can create a dangerous situation in which the battery experiences rapid temperature increases that then causes a violent explosion. The danger is particularly acute with CLCs because of their energy density.

18.     Ordinary consumers are aware that batteries have "positive" and "negative" ends. However, most consumers are not aware that in an 18650 battery the entire battery "can" is the "negative" terminal. This battery can is covered with a thin non-conductive wrapper. When used as an individual rechargeable battery, this wrapper easily develop minor tears. When this occurs, even a small piece of conductive material can connect the negative and positive terminals of a lithium-ion battery resulting in an external short circuit and a catastrophic explosion.

19.     As a result, CLCs are intended only for use in battery packs with hard plastic protective cases and protective circuitry. Battery packs are incorporated into consumer products such as laptops and power tools.

20.     Major lithium-ion battery manufacturers, such as LG Chem and Samsung SDI, warn against consumers handling CLCs, including the 18650-type lithium-ion batteries used in the subject headlamp, due to the risk of fire and explosion. All major lithium-ion battery manufacturers prohibit the sale or use of CLC batteries for use in consumer devices unless the batteries are encased in a protective battery pack. CLCs are not designed or intended to be used

5

as removable, rechargeable batteries in consumer devices. Defendants knew or should have known that these batteries are unsuitable for consumer devices unless encased in a battery pack.

21.     The website Temu.com is known for selling a wide range of products from Chinese manufacturers at ultra-low prices.

22.     In March 2024, Plaintiff Justin Cooper selected and purchased a headlamp from Temu.com.

23.     Temu processed his order, and the headlamp was delivered to his home on March 12, 2024.

24.     The headlamp came with two individual, removable, and rechargeable cylindrical 18650 lithium-ion batteries.

25.     Neither the headlamp, batteries, nor their packaging contained any warnings that removable lithium-ion batteries were inappropriate for use in the headlamp or that there was a risk of fire or explosion.

26.     On information and belief, Defendant Jieqiong Cao designed, manufactured, and/or distributed the headlamp and batteries.

27.     On March 17, 2024, Mr. Cooper used the headlamp and batteries while working on his vehicle.

28.     The next day, March 18, 2024, Mr. Cooper removed the lithium-ion batteries from the headlamp intending to charge them.

29.     Mr. Cooper put the batteries in his left front pants pocket, which contained a single quarter.

30.      Within seconds, the batteries exploded and caught fire.

6

31.     Mr. Cooper was transported to the hospital by EMS and then airlifted to a burn center, where he was treated for third degree burns to his left leg.

32.     Mr. Cooper underwent extensive medical treatment, including skin grafts using tissue harvested from his right leg.

33.     Mr. Cooper has permanent scarring and injuries.

### III.     CAUSES OF ACTION

### COUNT I
### NEGLIGENCE FOR FAILURE TO WARN AGAINST DEFENDANT JIEQIONG CAO

34.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

35.     At all times Defendant Jieqiong Cao owed a duty to consumers of the Subject headlamp and lithium-ion batteries to warn of all foreseeable risks associated with the use of the headlamp and batteries which were known or reasonably should have been known to Defendant.

36.     The Defendant breached its duty to the Plaintiff in the following manners:

     a.  Failure to warn Plaintiff of the risk of fire and explosion associated with CLCs, including but not limited to the dangers associated with normal wear and tear on the battery wrapper.

     b.  Failure to warn Plaintiff that CLCs were not appropriate for use as removeable, rechargeable batteries in consumer products.

     c.  Failure to warn Plaintiff that CLCs were not meant to be handled by consumers because of the risk of fire and explosion.

7

d. Failure to place any warning on the actual subject headlamp or batteries so that all consumers of the product would have knowledge of the very severe injuries that could occur from handling CLCs.

e. Failure to place any warning on the actual packaging of the subject headlamp and batteries so that all consumers of the products would have knowledge of the very severe injuries that could occur from handling CLCs.

f. Failure to place any instructions within the packaging of the subject headlamp and batteries so that all consumers of the products would have knowledge of the very severe injuries that could occur from handling CLCs.

g. Failure to disclose other facts about the dangers of lithium ion batteres that a reasonable consumer would want to know under the circumstances

37. The Defendant's acts and/or omissions were the actual and proximate cause of Plaintiffs injuries.

38. As a result of Defendant's acts and/or omissions Plaintiff suffered serious and permanent injuries.

## COUNT II
## STRICT LIABILITY FOR FAILURE TO WARN AGAINST DEFENDANT JIEQIONG CAO

39. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

40. At all times material hereto, the Defendant, Jieqiong Ca, owed a duty to its consumers of the subject headlamp and batteries, to adequately warn of a particular risk that was

8

known or knowable in light of the generally recognized and prevailing best scientific and engineering knowledge available at the time of manufacture or distribution.

41. The Defendant, breached its duty to the Plaintiff in the following manners:

    a. Failure to warn Plaintiff of the risk of fire and explosion associated with CLCs.

    b. Failure to warn Plaintiff that CLCs were not appropriate for use as removeable, rechargeable batteries in consumer products.

    c. Failure to warn Plaintiff that CLCs were not meant to be handled by consumers because of the risk of fire and explosion.

    d. Failure to place any warning on the actual subject headlamp or batteries so that all consumers of the product would have knowledge of the very severe injuries that could occur from handling CLCs.

    e. Failure to place any warning on the actual packaging of the subject headlamp and batteries so that all consumers of the products would have knowledge of the very severe injuries that could occur from handling CLCs.

    f. Failure to place any instructions within the packaging of the subject headlamp and batteries so that all consumers of the products would have knowledge of the very severe injuries that could occur from handling CLCs.

42. The Defendant's and/or omissions were the factual and proximate cause of Plaintiffs injuries.

9

43.     As a result of Defendant's acts and/or omissions Plaintiff suffered serious and permanent injuries.

## COUNT III
## STRICT LIABILITY FOR DESIGN DEFECT AGAINST DEFENDANT JIEQIONG CAO

44.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

45.     At all times material hereto, the Defendant, Jieqiong Ca, designed the subject headlamp.

46.     At all times material hereto, the headlamp was in an unreasonably dangerous condition. Specifically:

> a. The subject headlamp was designed in a dangerously defective way in that it was designed to use removeable CLCs.
>
> b. The Subject headlamp was designed in a dangerously defective way in that it used removeable CLCs that had the risk of fire and explosion.

47.     The Subject headlamp was in such defective and unreasonably dangerous condition at the time it left the Defendant's control, as well as the time when the explosion described herein occurred.

48.     At all times material hereto, the defective and unreasonably dangerous condition of the subject headlamp was the actual and proximate cause of the incident described herein.

49.     At all times material hereto, the defective and unreasonably dangerous condition of the subject headlamp was the actual and proximate cause of Plaintiff's injuries.

## COUNT IV

10

## NEGLIGENCE FOR DESIGN DEFECT AGAINST DEFENDANT JIEQIONG CAO

50.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

51.     At all times material hereto, the Defendant, Jieqiong Cao, had a duty to protect foreseeable users of the Subject headland, including Plaintiff. Specifically, Defendant had a duty to take all reasonable precautions to assure the product would not be unreasonably dangerous and/or injure said individuals.

52.     At all times material hereto, the Defendant, breached its duty to Plaintiff. Specifically, Defendant designed the Subject headlamp in a defective and/or dangerous condition in one or more of the following ways:

   a.  The subject headlamp was designed in a dangerously defective way in that it was designed to use removeable CLCs.

   b.  The Subject headlamp was designed in a dangerously defective way in that it used removeable CLCs that had the risk of fire and explosion.

53.     The Defendant's acts and/or omissions were the factual and proximate cause of Plaintiff's injuries.

54.     As a result of Defendant's acts and/or omissions Plaintiff suffered serious and permanent injuries.

### COUNT V
### STRICT LIABILITY FOR MANUFACTURING DEFECT AGAINST DEFENDANT JIEQIONG CAO

55.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

11

56. At all times material hereto, the Defendant, Jieqiong, manufactured the Subject headlamp.

57. At all times material hereto, the Subject headlamp was manufactured in an unreasonably dangerous condition. Specifically:

        a. The subject headlamp was manufactured in a dangerously defective way in that it was designed to use removeable CLCs.

        b. The Subject headlamp was manufactured in a dangerously defective way in that it used removeable CLCs that had the risk of fire and explosion.

58. The subject headlamp was manufactured in such defective and unreasonably dangerous condition at the time it left the Defendant's control, as well as the time when the explosion described herein occurred.

59. At all times material hereto, the defective and unreasonably dangerous condition of the headlamp was the actual and proximate cause of the incident described herein.

60. At all times material hereto, the defective and unreasonably dangerous condition of the subject headlamp was the actual and proximate cause of Plaintiff's injuries.

## COUNT VI
## NEGLIGENCE FOR MANUFACTURING DEFECT AGAINST DEFENDANT JIEQIONG CAO

61. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

62. At all times material hereto, the Defendant, Jieqiong Cao, had a duty to protect foreseeable users of the Subject headland, including Plaintiff. Specifically, Defendant had a duty

12

to take all reasonable precautions to assure the product would not be unreasonably dangerous and/or injure said individuals.

63. At all times material hereto, the Defendant, breached its duty to Plaintiff. Specifically, Defendant manufactured the Subject headlamp in a defective and/or dangerous condition in one or more of the following ways:

      a. The subject headlamp was manufactured in a dangerously defective way in that it was designed to use removeable CLCs.

      b. The Subject headlamp was manufactured in a dangerously defective way in that it used removeable CLCs that had the risk of fire and explosion.

64. The Defendant's acts and/or omissions were the factual and proximate cause of Plaintiff's injuries.

65. As a result of Defendant's acts and/or omissions Plaintiff suffered serious and permanent injuries.

## COUNT VII
## BREACH OF WARRANTY AGAINST DEFENDANT JIEQIONG CAO

66. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

67. At all times material hereto, Plaintiff, as a consumer, was among the class of persons to whom an implied warranty for the subject headlamp was given by the Defendant Jieqiong Cao.

68. Moreover, the Defendant owed a duty to Plaintiff to warn him of any potential defects and/or risks associated with the subject headlamp and batteries.

13

69. As a result, Plaintiff was injured from use of the Subject headlamp.

## COUNT VIII

### LIABILITY OF WHALECO IN ACCORDANCE WITH THE TENNESSEE PRODUCTS LIABILITY ACT

70. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

71. At all times materially relevant hereto, Whaleco was regularly engaged in selling or distributing the subject headlamp.

72. At all times materially relevant hereto, Whaleco controlled, possessed, or held title to the subject headlamp.

73. Whaleco took ownership, warehoused and/or shipped the subject headlamp to the plaintiff.

74. Whaleco determined the pricing, accepted payment, processed plaintiff's payment and/or issued receipts for the subject headlamp unto plaintiff.

75. Whaleco's involvement in the sale of the subject headlamp played an integral role in delivering this product unto plaintiff.

76. Whaleco profited from the sale of the subject headlamp to the plaintiff.

77. As a seller, Whaleco is strictly liable unto plaintiff for the damages incurred by plaintiff.

78. At all times material hereto, the subject headlamp had a manufacturing defect, a design defect, and lacked adequate warning. The product was unreasonably dangerous when it left the manufacturer and/or seller.

14

79.     At no time did the plaintiff alter, modify or misuse the subject headlamp in a way that was not foreseeable.

80.     At all times material hereto, the defective subject headlamp existed at the time of sale unto plaintiff.   This defect existed when the product left the defendants' control.

81.     The defective subject headlamp caused a significant injury to the plaintiff.

82.     The plaintiff at all times was using the subject headlamp as intended or in a reasonably foreseeable manner.

## DAMAGES

83.     As a direct and proximate result of Defendants' acts and/or omissions as indicated above, Plaintiff sustained harm and losses to his body and to his earning capacity, including permanent injuries.

84.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has become liable for certain medical expenses related to the injuries suffered from the explosion described herein.

85.     As a direct and proximate result of one of more of the Defendants' acts and/or omissions, Plaintiff is entitled to recover damages from one or more of the  Defendants for the following:

      a)     Any and all applicable special damages or **Economic Damages** pursuant to Tenn. Code Ann. 29-39-101; and

      b)     Any and all applicable **Noneconomic Damages** Tenn. Code Ann. 29-39-101.

## RELIEF SOUNGHT

15

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues Defendants, jointly and severally, and demand judgment against one or more of them for compensatory damages for a fair and reasonable sum to be determined by a jury of twelve peers under the law and evidence in an amount not to exceed **$3,000,000.00**. Plaintiff further demands any such general relief to which he may be entitled.

Respectfully submitted,

**GRIFFITH LAW, P.L.L.C.**

Jonathan L. Griffith, #19405
Joshua D. Cantrell, #037483
Attorneys for the Plaintiff
114 Cool Springs Boulevard
Franklin, TN 37067
john@griffithinjurylaw.com
(615) 807-7900

16

| Justin Cooper | **Vs.** | Jieqiong Cao, and WhaleCo, Inc., d/b/a Temu |

*COPY*

Served On:

**Whaleco, Inc., d/b/a Temu**   **Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.**

You are hereby summoned to defend a civil action filed against you in ____**Circuit**____ Court, ____**Cumberland**____ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: **March 11, 2025**                          **M. McDonald**
                                                    Clerk / Deputy Clerk

Attorney for Plaintiff:   **John Griffith**
                          **114 Cool Springs Blvd, Franklin, TN 37067**

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County
_____

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____
                                    Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

_____

Date:_____                    By:_____
                                                Please Print: Officer, Title

_____                    _____
Agency Address                                   Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____
                                    _____
                                    Notary Public / Deputy Clerk (Comm. Expires _____)

_____         _____
Signature of Plaintiff                        Plaintiff's Attorney (or Person Authorized to Serve Process)
                          **(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

*Rev. 03/11*

| Cumberland County | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 1 | Case Number CU-25-CV-7278 |
|---|---|---|

Justin Cooper _____ Vs. Jieqiong Cao, and WhaleCo., Inc., d/b/a Temu

Served On:

**Jieqiong Cao**    **Floor 4, Building A, Phase 2, Jun'an Science and Technology Park, No. 4 Xinzhou Road, Xintang Town, Zengcheng District, Guangzhou City, Guangdong Province, China**

You are hereby summoned to defend a civil action filed against you in _____**Circuit**_____ Court, _____**Cumberland**_____ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: **March 11, 2025**

*M. McDonald*
Clerk / Deputy Clerk

Attorney for Plaintiff: **John Griffith**
                     **114 Cool Springs Blvd, Franklin, TN 37067**

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County
_____

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____ _____
                               Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____
_____

Date: _____        By: _____
                                        Please Print: Officer, Title

_____             _____
Agency Address                            Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____             _____
                                  Notary Public / Deputy Clerk (Comm. Expires _____ )

_____             _____
Signature of Plaintiff               Plaintiff's Attorney (or Person Authorized to Serve Process)
                             **(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

*Rev. 03/11*

ORIGINAL

**IN THE CIRCUIT COURT FOR CUMBERLAND COUNTY, TENNESSEE**
**AT CROSSVILLE**

JUSTIN COOPER,

          **PLAINTIFF,**

v.

JIEQIONG CAO, WHALECO,
INC. d/b/a TEMU,

          **DEFENDANTS.**

**JURY DEMAND (12)**

Case No. CCl -25- CV-7278

DATE FILED ___ Mayun 24 20 25

Jessica Burgess 10:24 AM

       Court Clerk

### 1ST AMENDED COMPLAINT

Plaintiff, Justin Cooper, by and through his counsel, and files this 1st Amended Complaint against Defendants, Jieqiong Cao and WhaleCo, Inc. d/b/a Temu, based upon the following grounds:

1.      This case involves the spontaneous explosion of two lithium-ion batteries included with a headlamp manufactured by Defendant Jieqiong Cao and sold on website Temu.com, which is operated by Defendant WhaleCo, Inc.

2.      When the batteries exploded, Plaintiff Justin Cooper suffered devastating and excruciatingly painful third degree burns to his left leg.

3.      Mr. Cooper had extensive medical treatment and has permanent scarring and injuries.

### I.    PARTIES

4.      Plaintiff Justin Cooper is a resident and citizen of Crossville, Cumberland County, Tennessee.

5.      Defendant Jieqiong Cao is a "The People's Republic of China" Corporation that manufactured and sold the headlamp and batteries to Plaintiff and regularly conducts business

for profit in Tennessee by selling products to Tennessee residents through the website Temu.com. Defendant Jieqiong Cao's principal address is Floor 4, Building A, Phase 2, Jun'an Science and Technology Park, No. 4 Xinzhou Road, Xintang Town, Zengcheng District, Guangzhou City, Guangdong Province, "The People's Republic of China." Defendant Jieqiong Cao can be served pursuant to the Hague Service Convention.

6.      Defendant Whaleco, Inc. d/b/a Temu ("Whaleco"), is a Delaware corporation that regularly conducts business for profit in Tennessee by providing services to manufacturers, sellers, and consumers, through Temu.com. Defendant Whaleco's principal address is 31 Saint James Avenue, Boston, Massachusetts 02116. Its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

7.      Plaintiff ordered the headlamp and batteries from Temu.com from his home, and the products were delivered to his home. The batteries exploded and Plaintiff was injured at his home in Cumberland County, Tennessee.

8.      This Court has personal jurisdiction over the Defendants, and venue is proper.

## II.    FACTS OF THE CASE

9.      Lithium-ion batteries generate electricity in fundamentally the same way all batteries used in consumer electronics do and have the same basic components:

   a. Two *electrodes* referred to as the *cathode* and *anode*;

   b. An electronic insulating film/layer between the electrodes, called a *separator*;

   c. A substance called the *electrolyte*, which contains positive and negative ions in solution, typically a salt or salts dissolved in a liquid;

   d. *Current collectors*, which are metal sheets that are in contact with the individual electrodes;

e. A ***container*** which holds all of the above materials; and

f. Two ***terminals*** (positive and negative), which are external contacts on the container that make connections with the internal electrode current collectors.

10.     When a device—for example, a light bulb—is connected to the two terminals of a battery, a complete electrical circuit is formed between the two electrodes. This causes electrons to flow between the electrodes. Because the separator material is electronically insulating, it prevents electrons from flowing *directly* between the cathode and the anode internally in the battery, forcing the electrons to travel via the external circuit, where they pass through the load of the connected device, providing power to the device in the process.

11.     Lithium-ion batteries come in a variety of formats, including prismatic, pouch, and cylindrical. This case involves cylindrical lithium-ion cells ("CLCs").

12.     In CLCs, the cathode and anode materials are layered in sheets, with the separator—a very thin sheet of plastic—layered between them. The sheets of the three materials are then rolled into a cylindrical shape known as a "jelly roll," illustrated in Figure 1. During manufacturing, the jelly roll is inserted into the metal can container and the liquid electrolyte is then also injected into the container.



*Figure 1. Cross section of a typical 18650 battery cell, showing "jelly roll" configuration.*

13.    Because a CLC consists of numerous layers cathodes and anodes, the energy density is extremely high. Thus, as discussed below, when a CLC malfunctions, the amount of energy released can be catastrophic.

14.    In any lithium-ion battery, if electrons flow directly between the anode and cathode, without an intervening "load" (powered device), the result is called a "short circuit."

15.    A short circuit can be external or internal. In an external short circuit, a low-resistance conductive material (such as a wire) creates a direct connection between the two terminals of a battery, allowing the electrons to flow directly from the anode to the cathode via the conductive material, without the resistance of an intervening load. An internal short circuit, on the other hand, is caused when the separator fails to prevent electrons from flowing directly between the anode and the cathode.

16.    Without the intervening load of a connected device to consume the energy created by the traveling electrons, a short circuit (whether internal or external) results in an excessive

amount of current flowing directly between the anode and cathode. This "unlimited" current flow can result in damage to the battery, overheating, fire, and explosion.

17.     A short circuit can be especially dangerous in a lithium-ion battery. The electrolyte solvent used in lithium-ion batteries is a flammable organic liquid. The heat caused by a short circuit (whether internal or external), especially in combination with a flammable liquid, can create a dangerous situation in which the battery experiences rapid temperature increases that then causes a violent explosion. The danger is particularly acute with CLCs because of their energy density.

18.     Ordinary consumers are aware that batteries have "positive" and "negative" ends. However, most consumers are not aware that in an 18650 battery the entire battery "can" is the "negative" terminal. This battery can is covered with a thin non-conductive wrapper. When used as an individual rechargeable battery, this wrapper easily develop minor tears. When this occurs, even a small piece of conductive material can connect the negative and positive terminals of a lithium-ion battery resulting in an external short circuit and a catastrophic explosion.

19.     As a result, CLCs are intended only for use in battery packs with hard plastic protective cases and protective circuitry. Battery packs are incorporated into consumer products such as laptops and power tools.

20.     Major lithium-ion battery manufacturers, such as LG Chem and Samsung SDI, warn against consumers handling CLCs, including the 18650-type lithium-ion batteries used in the subject headlamp, due to the risk of fire and explosion.   All major lithium-ion battery manufacturers prohibit the sale or use of CLC batteries for use in consumer devices unless the batteries are encased in a protective battery pack. CLCs are not designed or intended to be used

as removable, rechargeable batteries in consumer devices. Defendants knew or should have known that these batteries are unsuitable for consumer devices unless encased in a battery pack.

21.     The website Temu.com is known for selling a wide range of products from "The People's Republic of China" manufacturers at ultra-low prices.

22.     In March 2024, Plaintiff Justin Cooper selected and purchased a headlamp from Temu.com.

23.     Temu processed his order, and the headlamp was delivered to his home on March 12, 2024.

24.     The headlamp came with two individual, removable, and rechargeable cylindrical 18650 lithium-ion batteries.

25.     Neither the headlamp, batteries, nor their packaging contained any warnings that removable lithium-ion batteries were inappropriate for use in the headlamp or that there was a risk of fire or explosion.

26.     On information and belief, Defendant Jieqiong Cao designed, manufactured, and/or distributed the headlamp and batteries.

27.     On March 17, 2024, Mr. Cooper used the headlamp and batteries while working on his vehicle.

28.     The next day, March 18, 2024, Mr. Cooper removed the lithium-ion batteries from the headlamp intending to charge them.

29.     Mr. Cooper put the batteries in his left front pants pocket, which contained a single quarter.

30.     Within seconds, the batteries exploded and caught fire.

31.     Mr. Cooper was transported to the hospital by EMS and then airlifted to a burn center, where he was treated for third degree burns to his left leg.

32.     Mr. Cooper underwent extensive medical treatment, including skin grafts using tissue harvested from his right leg.

33.     Mr. Cooper has permanent scarring and injuries.

### III.     CAUSES OF ACTION

#### COUNT I
#### NEGLIGENCE FOR FAILURE TO WARN AGAINST DEFENDANT JIEQIONG CAO

34.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

35.     At all times Defendant Jieqiong Cao owed a duty to consumers of the Subject headlamp and lithium-ion batteries to warn of all foreseeable risks associated with the use of the headlamp and batteries which were known or reasonably should have been known to Defendant.

36.     The Defendant breached its duty to the Plaintiff in the following manners:

        a.     Failure to warn Plaintiff of the risk of fire and explosion associated with CLCs, including but not limited to the dangers associated with normal wear and tear on the battery wrapper.

        b.     Failure to warn Plaintiff that CLCs were not appropriate for use as removeable, rechargeable batteries in consumer products.

        c.     Failure to warn Plaintiff that CLCs were not meant to be handled by consumers because of the risk of fire and explosion.

d. Failure to place any warning on the actual subject headlamp or batteries so that all consumers of the product would have knowledge of the very severe injuries that could occur from handling CLCs.

e. Failure to place any warning on the actual packaging of the subject headlamp and batteries so that all consumers of the products would have knowledge of the very severe injuries that could occur from handling CLCs.

f. Failure to place any instructions within the packaging of the subject headlamp and batteries so that all consumers of the products would have knowledge of the very severe injuries that could occur from handling CLCs.

g. Failure to disclose other facts about the dangers of lithium ion batteres that a reasonable consumer would want to know under the circumstances

37. The Defendant's acts and/or omissions were the actual and proximate cause of Plaintiffs injuries.

38. As a result of Defendant's acts and/or omissions Plaintiff suffered serious and permanent injuries.

## COUNT II
## STRICT LIABILITY FOR FAILURE TO WARN AGAINST DEFENDANT JIEQIONG CAO

39. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

40. At all times material hereto, the Defendant, Jieqiong Ca, owed a duty to its consumers of the subject headlamp and batteries, to adequately warn of a particular risk that was

known or knowable in light of the generally recognized and prevailing best scientific and engineering knowledge available at the time of manufacture or distribution.

41.     The Defendant, breached its duty to the Plaintiff in the following manners:

    a.  Failure to warn Plaintiff of the risk of fire and explosion associated with CLCs.

    b.  Failure to warn Plaintiff that CLCs were not appropriate for use as removeable, rechargeable batteries in consumer products.

    c.  Failure to warn Plaintiff that CLCs were not meant to be handled by consumers because of the risk of fire and explosion.

    d.  Failure to place any warning on the actual subject headlamp or batteries so that all consumers of the product would have knowledge of the very severe injuries that could occur from handling CLCs.

    e.  Failure to place any warning on the actual packaging of the subject headlamp and batteries so that all consumers of the products would have knowledge of the very severe injuries that could occur from handling CLCs.

    f.  Failure to place any instructions within the packaging of the subject headlamp and batteries so that all consumers of the products would have knowledge of the very severe injuries that could occur from handling CLCs.

42.     The Defendant's and/or omissions were the factual and proximate cause of Plaintiffs injuries.

43. As a result of Defendant's acts and/or omissions Plaintiff suffered serious and permanent injuries.

## COUNT III
## STRICT LIABILITY FOR DESIGN DEFECT AGAINST DEFENDANT JIEQIONG CAO

44. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

45. At all times material hereto, the Defendant, Jieqiong Ca, designed the subject headlamp.

46. At all times material hereto, the headlamp was in an unreasonably dangerous condition. Specifically:

    a. The subject headlamp was designed in a dangerously defective way in that it was designed to use removeable CLCs.

    b. The Subject headlamp was designed in a dangerously defective way in that it used removeable CLCs that had the risk of fire and explosion.

47. The Subject headlamp was in such defective and unreasonably dangerous condition at the time it left the Defendant's control, as well as the time when the explosion described herein occurred.

48. At all times material hereto, the defective and unreasonably dangerous condition of the subject headlamp was the actual and proximate cause of the incident described herein.

49. At all times material hereto, the defective and unreasonably dangerous condition of the subject headlamp was the actual and proximate cause of Plaintiff's injuries.

## COUNT IV
## NEGLIGENCE FOR DESIGN DEFECT AGAINST DEFENDANT JIEQIONG CAO

50.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

51.     At all times material hereto, the Defendant, Jieqiong Cao, had a duty to protect foreseeable users of the Subject headland, including Plaintiff. Specifically, Defendant had a duty to take all reasonable precautions to assure the product would not be unreasonably dangerous and/or injure said individuals.

52.     At all times material hereto, the Defendant, breached its duty to Plaintiff. Specifically, Defendant designed the Subject headlamp in a defective and/or dangerous condition in one or more of the following ways:

> a.  The subject headlamp was designed in a dangerously defective way in that it was designed to use removeable CLCs.
>
> b.  The Subject headlamp was designed in a dangerously defective way in that it used removeable CLCs that had the risk of fire and explosion.

53.     The Defendant's acts and/or omissions were the factual and proximate cause of Plaintiff's injuries.

54.     As a result of Defendant's acts and/or omissions Plaintiff suffered serious and permanent injuries.

## COUNT V
## STRICT LIABILITY FOR MANUFACTURING DEFECT AGAINST DEFENDANT JIEQIONG CAO

55.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

56.     At all times material hereto, the Defendant, Jieqiong, manufactured the Subject headlamp.

57.     At all times material hereto, the Subject headlamp was manufactured in an unreasonably dangerous condition.  Specifically:

       a.  The subject headlamp was manufactured in a dangerously defective way in that it was designed to use removeable CLCs.

       b.  The Subject headlamp was manufactured in a dangerously defective way in that it used removeable CLCs that had the risk of fire and explosion.

58.     The subject headlamp was manufactured in such defective and unreasonably dangerous condition at the time it left the Defendant's control, as well as the time when the explosion described herein occurred.

59.     At all times material hereto, the defective and unreasonably dangerous condition of the headlamp was the actual and proximate cause of the incident described herein.

60.     At all times material hereto, the defective and unreasonably dangerous condition of the subject headlamp was the actual and proximate cause of Plaintiff's injuries.

## COUNT VI
## NEGLIGENCE FOR MANUFACTURING DEFECT AGAINST DEFENDANT JIEQIONG CAO

61.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

62.     At all times material hereto, the Defendant, Jieqiong Cao, had a duty to protect foreseeable users of the Subject headland, including Plaintiff. Specifically, Defendant had a duty to take all reasonable precautions to assure the product would not be unreasonably dangerous and/or injure said individuals.

63. At all times material hereto, the Defendant, breached its duty to Plaintiff. Specifically, Defendant manufactured the Subject headlamp in a defective and/or dangerous condition in one or more of the following ways:

    a. The subject headlamp was manufactured in a dangerously defective way in that it was designed to use removeable CLCs.

    b. The Subject headlamp was manufactured in a dangerously defective way in that it used removeable CLCs that had the risk of fire and explosion.

64. The Defendant's acts and/or omissions were the factual and proximate cause of Plaintiff's injuries.

65. As a result of Defendant's acts and/or omissions Plaintiff suffered serious and permanent injuries.

## COUNT VII
## BREACH OF WARRANTY AGAINST DEFENDANT JIEQIONG CAO

66. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

67. At all times material hereto, Plaintiff, as a consumer, was among the class of persons to whom an implied warranty for the subject headlamp was given by the Defendant Jieqiong Cao.

68. Moreover, the Defendant owed a duty to Plaintiff to warn him of any potential defects and/or risks associated with the subject headlamp and batteries.

69. As a result, Plaintiff was injured from use of the Subject headlamp.

## COUNT VIII

## LIABILITY OF WHALECO IN ACCORDANCE WITH THE TENNESSEE
## PRODUCTS LIABILITY ACT

70.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

71.     At all times materially relevant hereto, Whaleco was regularly engaged in selling or distributing the subject headlamp.

72.     At all times materially relevant hereto, Whaleco controlled, possessed, or held title to the subject headlamp.

73.     Whaleco took ownership, warehoused and/or shipped the subject headlamp to the plaintiff.

74.     Whaleco determined the pricing, accepted payment, processed plaintiff's payment and/or issued receipts for the subject headlamp unto plaintiff.

75.     Whaleco's involvement in the sale of the subject headlamp played an integral role in delivering this product unto plaintiff.

76.     Whaleco profited from the sale of the subject headlamp to the plaintiff.

77.     As a seller, Whaleco is strictly liable unto plaintiff for the damages incurred by plaintiff.

78.     At all times material hereto, the subject headlamp had a manufacturing defect, a design defect, and lacked adequate warning. The product was unreasonably dangerous when it left the manufacturer and/or seller.

79.     At no time did the plaintiff alter, modify or misuse the subject headlamp in a way that was not foreseeable.

80.     At all times material hereto, the defective subject headlamp existed at the time of sale unto plaintiff.   This defect existed when the product left the defendants' control.

81.    The defective subject headlamp caused a significant injury to the plaintiff.

82.    The plaintiff at all times was using the subject headlamp as intended or in a reasonably foreseeable manner.

## DAMAGES

83.    As a direct and proximate result of Defendants' acts and/or omissions as indicated above, Plaintiff sustained harm and losses to his body and to his earning capacity, including permanent injuries.

84.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has become liable for certain medical expenses related to the injuries suffered from the explosion described herein.

85.    As a direct and proximate result of one of more of the Defendants' acts and/or omissions, Plaintiff is entitled to recover damages from one or more of the Defendants for the following:

      a)    Any and all applicable special damages or **Economic Damages** pursuant to Tenn. Code Ann. 29-39-101; and

      b)    Any and all applicable **Noneconomic Damages** Tenn. Code Ann. 29-39-101.

## RELIEF SOUGNHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff sues Defendants, jointly and severally, and demand judgment against one or more of them for compensatory damages for a fair and reasonable sum to be determined by a jury of twelve peers under the law and evidence in an amount not to exceed **$3,000,000.00**. Plaintiff further demands any such general relief to which he may be entitled.

Respectfully submitted,

**GRIFFITH LAW, P.L.L.C.**

**Jonathan L. Griffith, #19405**
**Joshua D. Cantrell, #037483**
**Attorneys for the Plaintiff**
**114 Cool Springs Boulevard**
**Franklin, TN 37067**
**john@griffithinjurylaw.com**
**(615) 807-7900**

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing 1ˢᵗ Amended Complaint was served upon the following as indicated below either via email or U.S. Mail, postage prepaid, this day March 18, 2025.

**Jieqiong Cao**
Floor 4, Building A, Phase 2,
Jun'an Science and Technology Park,
No. 4 Xinzhou Road, Xintang Town, Zengcheng District,
Guangzhou City,
Guangdong Province, "The People's Republic of China."
Via Hauge Convention

**Whaleco**
31 Saint James Avenue
Boston, Massachusetts 02116
Via Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808.

John Griffith

| Cumberland County | **STATE OF TENNESSEE** **ALIAS CIVIL SUMMONS** page 1 of 1 | Case Number CC1-25-CV-7278 |
|---|---|---|

| **Justin Cooper** | Vs. | **Jieqiong Cao, and WhaleCo, Inc., d/b/a Temu** |
|---|---|---|

Served On:

**Jieqiong Cao**     **Floor 4, Building A, Phase 2, Jun'an Science and Technology Park, No. 4 Xinzhou Road, Xintang Town, Zengcheng District, Guangzhou City, Guangdong Province, The People's Republic of China**

You are hereby summoned to defend a civil action filed against you in _____**Circuit**_____ Court, _____**Cumberland**_____ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: _Marxn 24, 2025_      _M. McDonald_
Clerk / Deputy Clerk

Attorney for Plaintiff:    **John Griffith**
                 **114 Cool Springs Blvd, Franklin, TN 37067**

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to     _____, _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

_____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

_____

Date:_____      By:_____
                                Please Print: Officer, Title

_____      _____
Agency Address                    Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Notary Public / Deputy Clerk (Comm. Expires _____)

_____      _____
Signature of Plaintiff      Plaintiff's Attorney (or Person Authorized to Serve Process)
                                **(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

*Rev. 03/11*

ORIGINAL

# STATE OF TENNESSEE
## CIVIL SUMMONS
page 1 of 1

Case Number
CC1-25-CV-7278

*ORIGINAL*

Justin Cooper     Vs.     Jieqiong Cao, and WhaleCo, Inc., d/b/a Temu

Served On:

**Whaleco, Inc., d/b/a Temu    Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.**

You are hereby summoned to defend a civil action filed against you in **Circuit** Court, **Cumberland** County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief requested in the complaint.

Issued: **March 11, 2025**

M. McDonald
Clerk / Deputy Clerk

Attorney for Plaintiff: **John Griffith**
**114 Cool Springs Blvd, Franklin, TN 37067**

DATE FILED **April 28 2025**
3:38pm
Jessica Burgess
MM

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

_____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

_____

Date: _____     By: _____
Please Print: Officer, Title

_____     _____
Agency Address        Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on **4/9/25**, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant **Whaleco**. On **4/23/25** I received the return receipt, which had been signed by **Paul Sisofo** on **4/16/25**. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: **4/23/25**

_____
Notary Public / Deputy Clerk (Comm. Expires **May 24 2025**)

Signature of Plaintiff        Plaintiff's Attorney (or Person Authorized to Serve Process)
**(Attach return receipt on back)**

ASHANTI EVERSON
STATE OF TENNESSEE
NOTARY
WILLIAMSON COUNTY

ADA: If you need assistance or accommodation because of a disability, please call _____, ADA Coordinator, at ( ) _____.

*Rev. 03/11*

## SENDER: *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Whaleco, Inc., d/b/a Temu
Corporation Service Company
251 Little Falls Dr.
Wilmington, DE 19808

|||||||||||||||||||||||||||||
9590 9402 8548 3186 3601 89

2. Article Number *(Transfer from service label)*

9589 0710 5270 0505 1505 17

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)* | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 8548 3186 3601 89

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•



**GRIFFITH LAW**
PROTECTING YOUR FAMILY
— INJURY LAWYERS —
114 Cool Springs Blvd
Franklin, TN, 37067

ORIGINAL

| Cumberland County | **STATE OF TENNESSEE** **CIVIL SUMMONS** page 1 of 1 | Case Number CC1-25-CV-7278 |
|---|---|---|

| **Justin Cooper** | Vs. | Jieqiong Cao, and WhaleCo, Inc., d/b/a Temu |
|---|---|---|

Served On:

**Jieqiong Cao** — Floor 4, Building A, Phase 2, Jun'an Science and Technology Park, No. 4 Xinzhou Road, Xintang Town, Zengcheng District, Guangzhou City, Guangdong Province, China

You are hereby summoned to defend a civil action filed against you in ____**Circuit**____ Court, ____**Cumberland**____ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: **Maun 11, 2025**

M. McDonald
Clerk / Deputy Clerk

Attorney for Plaintiff: **John Griffith**
**114 Cool Springs Blvd, Franklin, TN 37067**

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

DATE FILED **Maun 24 2025**
10:26 AM

Mail list to _____, _____ Clerk, _____ County

Jessica Burgess
Circuit Court Clerk

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

_____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: **Unable to Serve.**

Date: **3/18/25**

By: **Kirby White.**
Please Print, Officer, Title

**114 Coolsprings Blvd, Franklin, TN 37067**
Agency Address

Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Notary Public / Deputy Clerk (Comm. Expires _____ )

_____
Signature of Plaintiff

_____
Plaintiff's Attorney (or Person Authorized to Serve Process)
**(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

*Rev. 03/11*